UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOLANDA HAMPTON, individually and on behalf of all other persons similarly situated who were employed by FIRST ALLEGIANCE PROPERTY SERVICES, INC., a/k/a REO ALLEGIANCE HOLDING COMPANY, INC., and/or any other entities affiliated with, controlling, or controlled by FIRST ALLEGIANCE PROPERTY SERVICES, INC., a/k/a REO ALLEGIANCE HOLDING COMPANY, INC., and LISA SADAOUI,<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST ALLEGIANCE PROPERTY SERVICES, INC. a/k/a REO ALLEGIANCE HOLDING COMPANY, INC., and LISA SADAOUI, Individually,<br><br>    Defendants. | Civil Action No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff YOLANDA HAMPTON ("Plaintiff" or "Named Plaintiff" or "Hampton"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendants, FIRST ALLEGIANCE PROPERTY SERVICES, INC. a/k/a REO ALLEGIANCE HOLDING COMPANY, INC. ("First Allegiance" or "corporate Defendant"), and LISA SADAOUI, ("Individual Defendant" or "Sadaoui") (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1.   Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

1

2. Plaintiff brings this lawsuit against Defendants as a collective and class action on behalf of herself and all other persons similarly situated – non-exempt "vendor compliance associates"- who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b) and as a class action pursuant to Fed.R.Civ.P. Rule 23 and the NJWHL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt property inspection duties for the Defendants throughout the state of New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant, First Allegiance Property Services, Inc., a/k/a REO Allegiance Holding Co., Inc., was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). First Allegiance is "a dynamic, woman-owned, nationwide property service firm specializing in property preservation, custom maintenance programs, property repair rehab, and lockout field services." See Defendants' website, *https://www.firstallegiance.com*. Upon information and belief, Defendants operate nationwide

and are therefore an enterprise engaged in interstate commerce.  Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products, which moved through interstate channels so as to produce an end product for Defendant's consumers.  Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

8. Plaintiff Hampton is an adult individual who is a resident of Jersey City, Hudson County, New Jersey.

9. Plaintiff Hampton was employed by Defendants full time as a non-exempt "vendor compliance associates" worker, from in or about the end of March, 2016, through in or about April, 2017.

10. Upon information and belief, the Defendant, First Allegiance, is headquartered in Bayonne, New Jersey.

11. Upon information and belief, at all times relevant to this Complaint, the Defendant First Allegiance, employs individuals to perform labor services on behalf of the Defendant.

12. Upon information and belief, at all times relevant to this Complaint, the Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

13. At all times relevant to this Complaint, the Defendant Fist Allegiance is and was an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

14. Upon information and belief, Individual Defendant Sadoui is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Sadoui has been an owner, partner, officer and/or manager of the Defendant Fist Allegiance.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Sadoui has had power over personnel decisions at the Defendant First Allegiance's business.

17. Defendant Sadoui was present at First Allegiance's premises daily, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## CLASS AND COLLECTIVE ALLEGATIONS

18. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

19. This action is brought on behalf of Named Plaintiff and a putative collective class consisting of similarly situated employees who performed work for Defendants.

20. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week, pursuant to 29 U.S.C. § 207.

21. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 50 employees. In addition, the names of all potential members of the putative class are not known.

22. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

23. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' locations.

24. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

26. This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

27. Plaintiff's claims under the NJWHL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

28. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**FACTS**

29. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all hours she worked in a work week.

30. Plaintiff worked five (5) days per work week, from approximately 8 a.m. until 8 p.m., or sixty (60) hours per week, and did not take an uninterrupted thirty (30) minute lunch break.

31. Plaintiff Hampton was paid $865.00 per workweek, unless she missed a work day, in which case her weekly salary was reduced.

32. Upon information and belief, Plaintiff Hampton was not compensated for the twenty (20) hours of overtime she worked almost every workweek.

33. Plaintiff's job was to perform inspections of properties prior to and after Defendants' hired third party contractors to perform repairs to the properties.

34. Plaintiff's job duties were to ensure that all items of restoration were completed on her assigned properties, as delineated on a check list, which was provided to Plaintiff by Defendants.

35. In the event that all delineated items in the Defendants' checklist were not performed by the contractors, Plaintiff was required to advise the particular contractor to return to the property and complete the work that was not performed.

36. Plaintiff was required to photograph and send to the office the photos as well as any deficiencies her assigned properties contained.

37. Plaintiff's job duties were neither managerial in nature nor did they involve any discretion over major decisions involving Defendants' business.

38. Upon information and belief, like Plaintiff, employees similarly situated to Plaintiff Hampton, were also compensated improperly by Defendants.

39. Upon information and belief, Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

40. At all times material hereto, Plaintiff Hampton and all similarly situated employees, were performing their duties for the benefit of and on behalf of Defendants.

41. This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

42. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff Hampton performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff Hampton and other similarly situated employees compensation to which they were lawfully entitled for those hours worked in excess of forty (40) within a work week.

43. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, on or after July 15, 2015.

44. Plaintiff Hampton has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff Hampton is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

45. Plaintiff Hampton re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 44 above.

46. Plaintiff Hampton is entitled to be paid additional compensation for each overtime hour worked per work period.

47. Defendants knowingly and willfully failed to pay Plaintiff Hampton at time and one half of her regular rate of pay for her overtime lunch hours worked in a work period.

48. All similarly situated employees of the Defendants are also owed overtime pay for each and every overtime hour they worked and were not properly paid.

49. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff Hampton and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

50. As a result of Defendants' willful violations of the Act, Plaintiff Hampton and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

51. Plaintiff Hampton re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 50 above.

52. Defendants' aforementioned conduct is in violation of the NJWHL.

8

53. As a direct and proximate cause of Defendants' actions, Plaintiff Hampton and those similarly situated employees suffered damages, including but not limited to past, lost earnings.

## JURY TRIAL

54. Plaintiff Hampton and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, YOLANDA HAMPTON, and those similarly situated employees, demand judgment, against Defendants FIRST ALLEGIANCE PROPERTY SERVICES, INC. a/k/a REO ALLEGIANCE HOLDING COMPANY, INC., and LISA SADAOUI, Individually, for the payment of overtime hours due them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: July 16, 2018                                Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
New Jersey Bar No.: 026491992
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*